UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND WALLACE,

                        **Petitioner,**

           *- against -*

SUPERINTENDENT OF THE CLINTON
CORRECTIONAL FACILITY,

                    **Respondent.**

13 Civ. 3989 (NSR) (PED)

**REPORT AND
RECOMMENDATION**

TO:   THE HONORABLE NELSON STEPHEN ROMÁN,
       UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Raymond Wallace ("Petitioner"), proceeding *pro se*, seeks a federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  On September 15, 1998,  Petitioner was convicted after a jury trial in Westchester County Court and sentenced to 280 years to life in prison (Zambelli, J.). Currently before this Court is Respondent's motion to dismiss the petition as time-barred.  (Dkt. 10).  The matter comes before me pursuant to an Order of Reference dated August 16, 2013. (Dkt. 5).  For the reasons set forth below, I respectfully recommend that Respondent's motion be **GRANTED** and the petition **DISMISSED**.

## II.  BACKGROUND

### A.     State Court Proceedings

#### 1.    *Conviction and Sentence*

On **September 15, 1998**, Petitioner was convicted of the following criminal offenses: one count of aggravated assault on a police officer; one count of attempted murder in the first degree; one count of criminal possession of a weapon in the second degree; one count of assault

in the first degree; twelve counts of robbery in the first degree; and two counts of attempted robbery in the first degree.  <u>See</u> Pet'r's Aff., at 4.  (Dkt. 2).

He was sentenced as a second felony offender to a determinate term of imprisonment of 25 years for aggravated assault on a police officer; an indeterminate term of 25 years to life for attempted murder in the first degree, to run consecutively to the 25 year sentence for aggravated assault on a police officer; a determinate term of 15 years for criminal possession of a weapon in the second degree; a determinate term of 15 years for assault in the first degree; determinate terms of 25 years for the first six counts of robbery in the first degree, all to run concurrently; a determinate term of 15 years for attempted robbery in the first degree, to run concurrently with the previous six counts of robbery in the first degree; determine terms of 25 years for an additional six counts of robbery in the first degree to run consecutive to one another; and a determinate term of 15 years for attempted robbery in the first degree to run concurrently with the second six counts of robbery in the first degree.  <u>See</u> Resp't's Mem. of Law in Supp. of Mot. to Dismiss Pet. for Habeas Relief ("Resp't's Mem."), at 2.  (Dkt. 12).

2.    ***Direct Appeal***

Petitioner appealed to the New York State Appellate Division, Second Department.  The Appellate Division affirmed the conviction on April 8, 2002.  <u>People v. Wallace</u>, 293 A.D.2d 556 (2002).  The New York Court of Appeals denied leave to appeal on August 29, 2002.  <u>People v. Wallace</u>, 98 N.Y.2d 714 (2002).  Petitioner did not seek a writ of *certiorari* to the United States Supreme Court.  <u>See</u> Resp't's Mem., at 2-3.

3.    ***Subsequent Events***

Approximately one week after his conviction and sentence in New York, Petitioner was transferred to an Indiana prison.  <u>See</u> Pet'r's Affidavit ("Pet'r's Aff.") ¶ 16.  Petitioner had been

incarcerated in Indiana on a Class A Felony conviction prior to the New York proceedings.  See Pet'r's Aff. ¶ 4.  Petitioner was brought to New York to stand trial on the above-mentioned counts.  Id.  After conviction and sentence in New York, Petitioner returned to Indiana to continue serving his Indiana sentence.  See Pet'r's Aff. ¶ 16.  Petitioner was incarcerated in Indiana from **1998 to 2010**.[1]  Petitioner claims that he could not file post-conviction motions in New York State court during this time because the Indiana prison lacked New York State legal materials.  See Pet'r's Appl. for Habeas Relief ("Pet'r's Appl."), at 22.  (Dkt. 1).  Petitioner's family retained private counsel sometime between **June 24, 2010** and **October 29, 2010** in order to pursue a motion to vacate Petitioner's New York State conviction.  See Pet'r's Aff. ¶ 27. Counsel notified Petitioner on **February 29, 2012** that he would no longer represent him due to non-payment of his legal fees.  See Pet'r's Appl., at 25.

**B.**    **Federal Court Proceedings**

By *pro se* application dated **May 29, 2013**, Petitioner seeks a federal writ of *habeas corpus*.  He presents the following arguments in his petition:

(1)    AEDPA's one-year limitations period begins in 2010 when Petitioner returned to New York after being incarcerated in an Indiana prison, which lacked New York State legal materials.

(2)    AEDPA's one-year limitations period is equitably tolled for the period from 2010 to 2012 because the attorney Petitioner's family retained spent that time preparing a N.Y. Crim. Proc. Law § 440.10 motion to vacate the judgment of conviction and later refused to continue representation due to the non-payment of legal fees.

(3)    Petitioner is actually innocent.

(4)    AEDPA's statute of limitations is unconstitutional.

_____

[1]While Petitioner was incarcerated in Indiana from 1998 to 2010, Petitioner's New York conviction did not become final until November 25, 2002. Therefore, the time Petitioner seeks to have tolled as a result of his Indiana incarceration period is from 2002 to 2010, and this is the period referenced throughout this Report and Recommendation.

3

(5)     The *habeas* proceedings should be stayed until Petitioner exhausts his state claims.

(5)     Petitioner's conviction was obtained despite *Rosario* violations and trial court errors involving witness testimony and voir dire.

(6)     The prosecutor engaged in misconduct.

(7)     Petitioner's sentence violates the Eighth Amendment because it is excessive.

See Pet'r's Appl., at 2-4.  (Dkt. 1).

Respondent filed its motion to dismiss the petition as time-barred on October 9, 2013.  (Dkt. 10).

Petitioner did not file a reply.

## III. DISCUSSION

### A.     Applicable Law

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  Before a federal district court may review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254.  If there has been procedural compliance with these statutes, then the court must determine the appropriate standard of review applicable to petitioner's claim(s) in accordance with Section 2254(d).  The procedural and substantive standards applicable to *habeas* review were substantially modified by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996).

Pertinent here is AEDPA's strict, one-year statute of limitations.  See 28 U.S.C. § 2244(d).  The statute provides four different potential starting points for the limitations period and specifies that the latest of these starting points shall apply.  See id. § 2244(d)(1).  Under the statute, the limitations period is tolled only during the pendency of a properly filed application

4

for state post-conviction relief, or other collateral review, with respect to the judgment to be challenged by the petition.  See id. § 2244(d)(2).  The statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Id. § 2244(d).

In rare and exceptional circumstances, a court may equitably toll the one-year limitations period.  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  Equitable tolling is warranted where a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacles impeding compliance with a limitations period." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011).  "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." Id.  Finally, "[c]onsistent with the maxim that equity aids the vigilant, a petitioner seeking equitable tolling of AEDPA's

limitations period must demonstrate that he acted with reasonable diligence throughout the period he seeks to toll." Id. at 138 (internal quotation marks and citations omitted); see also Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (the applicant for equitable tolling must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

**B.      Timeliness of Petitioner's Application**

Acknowledging that more than a decade elapsed between the time Petitioner's conviction became final (in 2002) and the time he filed this *habeas* action (in 2013), Petitioner contends that his petition was timely filed pursuant to § 2244(d)(1)(B), which provides that the starting point for AEDPA's one-year limitations period is the date on which a state-created impediment to filing a *habeas* application was removed. § 2244(d)(1)(B); see Pet'r's Appl., at 20-23. In the alternative, Petitioner contends that AEDPA's limitations period should be equitably tolled because he lacked access to New York State legal materials while incarcerated in Indiana. Id. Petitioner seeks to toll additional time between 2010 and 2012 because, during that period, his retained counsel was drafting post-conviction motions. Id. at 23-25. Petitioner further contends that his late filing should be excused because he is actually innocent. Id. at 26. Finally, Petitioner contends that AEDPA's statue of limitations is unconstitutional. Id. at 27-29. Respondent contends that the petition was untimely and that this case does not warrant equitable tolling or other relief from AEDPA's one-year limitations period.

6

1.     *Section 2254(d)(1)(A)*

Section 2254(d)(1)(A) provides that, "The limitation period shall run from the latest of... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. "[A] petitioner's 'conviction be[comes] final for [AEDPA] purposes when his time to seek direct review in the United States Supreme Court by writ of certiorari expire[s].'" Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001) (quoting Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998)).  A petitioner has ninety days after entry of judgment to seek direct review in the United States Supreme Court by filing a writ of *certiorari*.  Sup. Ct. R. 13(1).  Under Section 2244(d)(1)(A), AEDPA's one-year limitations period begins on that date unless a later starting date applies.

Here, Petitioner's judgment of conviction became final on November 25, 2002.  The New York Court of Appeals denied Petitioner leave to appeal on August 29, 2002.  Petitioner's deadline to file for a writ of *certiorari* in the United States Supreme Court was November 25, 2002.  28 U.S.C. § 2101(d); Sup. Ct. R. 13(1).  Petitioner did not seek *certiorari* and, therefore, the judgment of his conviction became final on November 25, 2002.  Petitioner then had one year to file his *habeas* petition under Section 2244(d)(1)(A).  However, Petitioner filed his federal *habeas* application on May 29, 2013 – almost eleven years after his judgment became final.  Accordingly, absent tolling or other relief from AEDPA's time limit, Petitioner's federal *habeas* application is untimely.

2.     *Section 2244(d)(1)(B)*

Applying the liberal interpretation to which a *pro se* petitioner is entitled, Petitioner can be read to claim that the starting date for AEDPA's one-year limitations period should be

October 21, 2010[2] – the date Petitioner returned to New York from Indiana and had access to New York State legal materials – or even February 29, 2012 – the date counsel informed Petitioner that he would no longer represent him.  I disagree.

Section 2244(d)(1)(B) provides that AEDPA's one-year limitations period begins on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  § 2244(d)(1)(B).  To justify resetting the one-year limitations period under this provision, a petitioner must show that the state hindered his effort to timely file his writ of *habeas corpus*.  See Williams v. Ercole, 486 F. App'x 208, 211 (2d Cir. 2012), cert. denied, 133 S. Ct. 635 (2012); Crawford v. Costello, 27 F. App'x 57, 59 (2d Cir. 2001). Accordingly, "[i]n order to invoke Section 2244(d)(1)(B), a petitioner must show that (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."  Rush v. Lempke, No. 09 Civ. 3464(JFB), 2011 WL 477807, at *9 (E.D.N.Y. Feb. 2, 2011) (internal quotation marks and citation omitted).[3]

Here, even assuming that a lack of New York State legal materials in the Indiana prison law library hindered  Petitioner's ability to file post-conviction motions in New York State court, the lack of New York State legal materials cannot be said to have hindered Petitioner's ability to

---

[2]According to the information provided by the New York State Department of Corrections Inmate Information website, Petitioner was received in New York State custody on October 21, 2010.  Inmate Information, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (enter "Wallace" for "Last Name," enter " Raymond" for "First Name," and enter "10A4961" for "DIN"; then follow "Submit" hyperlink).

[3]Copies of unreported cases cited herein will be mailed to Petitioner as a *pro se* litigant. See Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

file a federal *habeas* application.[4]  Moreover, any delay resulting from Petitioner's privately-retained attorney's research cannot be attributed to the state.

Accordingly, I conclude–and respectfully recommend that your Honor conclude–that the timeliness of Petitioner's *habeas* relief not be calculated pursuant to Section 2244(d)(1)(B).

### 3.  *Equitable Tolling*

Petitioner argues that the one-year limitations period should be equitably tolled for the period of his incarceration in Indiana, claiming that the lack of New York legal materials in the Indiana prison law library constituted an extraordinary circumstance.  See Pet's Appl., at 20-21. Petitioner also asserts that the time spent by his attorneys in preparing New York State post-conviction motions should equitably toll the statute.  Id. at 23.  Respondent contends that Petitioner's assertions do not warrant equitable tolling.  See Resp't's Mem., at 5-8.  I agree with Respondent.

Equitable tolling requires a petitioner to show (1) that he diligently pursued his application during the time he seeks to have tolled and (2) that an extraordinary circumstance prevented him from timely filing his writ of *habeas corpus*.  Pace, 544 U.S. at 418.  Both elements are required in order for a court to equitably toll the one-year limitations period under AEDPA.  Id.

First, a petitioner must demonstrate that he diligently pursued his legal rights during the time he seeks to have tolled.  Id.  The due diligence required for equitable tolling is "reasonable diligence."  Holland, 130 S. Ct. at 2565 (finding petitioner exercised due diligence when he

---

[4]Any argument that the Indiana law library did not contain sufficient federal legal materials would also fail. "[A] prison's lack of federal materials in its law library. . .do[es] not constitute [a] state-imposed impediment under 28 U.S.C. § 2244(d)(1) (B)."  Scott v. Comm'r of Corr., No. 3:07 Civ. 1420 (CSH), 2008 WL 5172644, at *2 (D.Conn. Dec. 10, 2008).

"...not only wrote his attorney numerous letters...[but] also repeatedly contacted the state courts...[a]nd the *very day* that [he] discovered that his AEDPA clock had expired,...Holland prepared his own habeas petition...and promptly filed it..."); Rivas v. Fischer, 687 F.3d 514, 539 (2d Cir. 2012) (petitioner did not act diligently in locating trial counsel and obtaining necessary information from him).

Second, a petitioner must demonstrate that an extraordinary circumstance prevented him from timely filing his writ of *habeas corpus*. Pace, 544 U.S. at 418. In determining whether a circumstance is extraordinary, the court must consider how severe an obstacle it is for the prisoner to comply with the one-year limitations period. Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). See, e.g., Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (finding that an attorney's outrageous and incompetent conduct constitutes an extraordinary circumstance); Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000) (noting that an extraordinary circumstance exists where prison officials intentionally prevent a petitioner from timely filing his habeas petition by confiscating his legal papers). Moreover, a petitioner must demonstrate that the extraordinary circumstance caused petitioner to miss the filing deadline. Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011). That is, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Here, Petitioner cannot show either prerequisite for an equitable toll. First, Petitioner has failed to describe the efforts that he undertook to prepare and file either his state or federal applications. See, e.g., Nickels v. Conway, 480 F. App'x 54, 58-59 (2d Cir. 2012) (finding that, after counsel abandoned him, Petitioner exercised due diligence by seeking the assistance of law

library personnel in the facility where he was incarcerated and filing a complaint with the Attorney General); Williams v. Ercole, 486 F. App'x at 210 (concluding that petitioner did not act with due diligence because, although he claimed lack of access to law library materials, he only inquired as to the status of his library request on two occasions and did not notify prison officials of his pending deadline).  Thus, Petitioner cannot show the requisite due diligence required for the toll.  In addition, Petitioner does not contend that he lacked access to federal legal materials during his time in the Indiana correctional facility.  Moreover, Petitioner waited a full three years after his return to New York to file his *habeas* petition.  For these reasons, Petitioner's delay in filing his *habeas* application does not show reasonable diligence.

Second, Petitioner has not demonstrated that his inability to access New York State legal materials at the Indiana prison constituted an extraordinary circumstance which prevented him from completing and timely filing his federal *habeas* petition.  Petitioner's lack of state legal materials did not affect his ability to research and prepare a *habeas* application based on federal law.  See, e.g., Watson v. Smith, 268 F. App'x 86, 87 (2d Cir. 2008) (lack of New York State legal materials does not constitute an extraordinary circumstance where petitioner did not also allege he lacked access to federal law materials); Hizbullahankhamon v. Walker, 255 F.3d 65, 76 (2d Cir. 2001) ("...even assuming that the alleged deprivation of access to his legal materials and the law library constituted an 'extraordinary circumstance' warranting equitable tolling, petitioner cannot show that this extraordinary circumstance *prevented* him from filing a timely habeas petition.").  Moreover, any argument that Petitioner required additional time to research and develop his federal claims is, without more, insufficient to establish an extraordinary circumstance that would warrant an equitable toll.  See Ruiz, 566 F. Supp. 2d at 341 ("Ignorance

of the law does not constitute a rare and extraordinary circumstance that would merit equitable tolling.").

Finally, to the extent that Petitioner argues that the time between 2010 and 2012 should be tolled, that argument is meritless. Petitioner asserts that his counsel resigned on February 29, 2012, but Petitioner did not file his *habeas* petition until May 29, 2013 – fifteen months later. See Pet's Appl., at 25. Thus, the petition was untimely even if Petitioner received the benefit of equitable tolling.

Because Petitioner cannot establish grounds for equitable tolling, Petitioner's May 29, 2013 *habeas* petition is time-barred.

**C.    Actual Innocence**

Petitioner claims that his untimely *habeas* filing should be excused because he is actually innocent. Specifically, Petitioner maintains that, "the evidence shows that [he] was not the person who shot the 9 mm gun that injured one officer." Pet'r's Appl., at 26. Respondent contends that Petitioner fails to show actual innocence because he provides no new evidence to establish his innocence. See Resp't's Mem., at 11. I agree with Respondent.

A claim of actual innocence may be used as a gateway to circumvent AEDPA's statute of limitations. Fischer, 687 F.3d at 539, 552. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). Petitioner's actual innocence must be supported with new reliable evidence that was not presented at trial. Schlup, 513 U.S. at 324.

Petitioner fails to establish actual innocence because he does not provide any new evidence demonstrating that he was not the gunman. Petitioner only maintains that the evidence

12

presented at trial was legally insufficient to establish that he possessed or shot the 9mm gun during the crime.  See Pet'r's Appl., at 25-27.  It is well-established that such an argument is insufficient to maintain a successful claim of actual innocence.  See House v. Bell, 547 U.S. 518, 538-39 (2006) (emphasizing that "the gateway actual-innocence standard is 'by no means equivalent to the standard'. . .which governs claims of insufficient evidence") (quoting Schlup, 513 U.S. at 330); Bousley v. United States, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency").  Accordingly, I recommend that the Court not excuse Petitioner's late filing through the application of the actual innocence gateway.

**D.      Constitutionality of AEDPA's Statute of Limitations**

Finally, Petitioner contends that AEDPA's one-year limitations period is unconstitutional.  See Pet'r's Appl., at 27.  Respondent maintains this claim is meritless.  See Resp't's Mem., at 11.  I agree with Respondent.

Procedural limitations violate the Suspension Clause if "[the limitations] create an 'unreasonable burden' to habeas relief."  James v. Walsh, 308 F.3d 162, 168 (2d Cir. 2002) (quoting Rodriguez v. Artuz, 990 F.Supp. 275, 282 (S.D.N.Y.1998)).  "As long as the procedural limits on habeas leave petitioners with some reasonable opportunity to have their claims heard on the merits, the limits do not render habeas inadequate or ineffective to test the legality of detention and, therefore, do not constitute a suspension of the writ in violation of Article I of the United States Constitution."  Rodriguez, 990 F.Supp. at 282.

It is well-established that AEDPA's statute of limitations is constitutional because it does not create an unreasonable burden to federal *habeas* relief, and that the one-year limitations period provides petitioners with a reasonable opportunity to have their *habeas* claims heard.  Id. at 282-83.  See Murphy v. Strack, 9 F. App'x 71, 73-74 (2d Cir. 2001) (Petitioner did not lack a

13

reasonable opportunity to seek habeas [under AEDPA]); <u>Weaver v. United States</u>, 195 F.3d 123,

125 (2d Cir. 1999) (Petitioner did not lack a reasonable opportunity to move for relief within one

year).  Moreover, the one-year limitations period does not suspend the writ of *habeas corpus*,

and, therefore, does not render *habeas* inadequate or ineffective.  <u>Rodriguez</u>, 990 F.Supp. at 282.

<u>See also, e.g.</u>, <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 113 (2d Cir. 2000)

("AEDPA's statute of limitations does not violate the Suspension Clause").

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, I conclude – and respectfully recommend that Your

Honor should conclude – that Respondent's motion to dismiss be **GRANTED** and the petition

**DISMISSED**.

Dated: April 7, 2014
      White Plains, New York

                         Respectfully Submitted,

                         Paul E. Davison
                         United States Magistrate Judge
                         Southern District of New York

A copy of the foregoing Report and Recommendation has been mailed to the following:

      Raymond Wallace, *pro se*
      DIN 10-A-4961
      Green Haven Correctional Facility
      P.O. Box 4000
      Stormville, New York 12582

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Nelson Román, at the Hon. Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.